OATES *v.* HAYNIE.

Opinion delivered July 9, 1928.

*W. R. Morrow* and *H. B. Stubblefield,* for appellant.

*Carmichael & Hendricks* and *Taylor Roberts,* for appellee.

HUMPHREYS, J. Appellant, a taxpayer of Pulaski County, brought suit for himself and other taxpayers against appellee, sheriff and collector of said county, to require him to pay over to the county treasurer, on the first and fifteenth days of each month, and within two days thereafter, all funds in his hands belonging to said county, or to the public road funds or public school fund, or poll-tax fund, or any moneys collected by him and belonging to said county or any district in said county, in accordance with § 6 of act No. 163 of the Acts of the General Assembly for the State of Arkansas, Acts 1927, p. 580, alleging that said collector had failed and refused to pay over to the county treasurer the public funds collected by him, as provided in said act.

Appellee filed an answer, denying that he had failed to pay over to the county treasurer on the days required

all funds in his hands belonging to said county or to the other various public funds, but that his failure to do so was on account of it being a physical impossibility for him to make a complete settlement with the county treasurer and pay over to him all the funds to the credit of the various political subdivisions every two weeks and within two days thereafter; and alleging that the statute, so far as applicable to him, is arbitrary, unreasonable, unworkable and impossible to perform; also alleging that the proper credit of the funds received from the tax collectors involved intricate questions of accounting in bookkeeping, which make it impossible to comply literally with the statute at the times fixed; that the additional expense to the county required to ascertain the exact amount due each political subdivision would exceed by far the amount of interest that would be earned which the county would derive from the amounts if paid in promptly and at fixed times.

A demurrer was filed by appellant to the answer of appellee, which was overruled by the court, whereupon appellant refused to amend his complaint, and elected to stand on his demurrer. The court then dismissed appellant's complaint for the want of equity, from which is this appeal.

It will be observed that there is nothing in the pleadings alleging the exact manner in which settlements and payments had been made. The clear inference is that settlements and payments had been made, but not in literal compliance with the requirements of the statute. Appellant construes the statute to mean that the settlements must be complete, reflecting the exact amount due each political subdivision, and that payments must be made of the full amount due each political subdivision at the times stated, and bases his contention for a reversal of the judgment on such construction of the statute. Appellee argues that, if appellant's construction of the statute is correct, then the statute, as applicable to him, is arbitrary, unreasonable, unworkable, and impossible to perform.

We do not agree with the construction placed upon the statute by appellant. The purpose of the statute was to require the collectors of the various counties in the State to make early settlement with the respective county treasurers, so the treasurers, in turn, could deposit the various taxes in the county's depositories, in order that interest might be obtained on the various county funds. Section 6 of the act does not require that complete settlements be made before the money shall be paid over by the collector to the treasurer. It requires that all funds due the respective political subdivisions shall be paid over by the collector, at stated times, to the treasurer. If the statute required that full, complete and final settlement should be made between the collector and treasurer as often as the statute requires, it would perhaps be unworkable in counties where very large amounts were being continuously collected for each political subdivision. It would be entirely practical for the collector to approximately estimate the amount he collected and had in his hands for each political subdivision twice a month, or once a month when he was actually engaged in a canvass over the county in the collection of the funds. The statute does not mean that the amounts due each political subdivision shall be paid until there is a complete settlement between the collector and treasurer showing the exact amount due each political subdivision. As stated above, the statute does not refer to settlements at all. Pending these settlements, it would be entirely feasible and practicable for the collector to pay over approximately the amount due each, based upon estimates. The section of the statute involved reads as follows:

"The county and probate clerk, circuit clerk, sheriff and collector of each county in the State of Arkansas are hereby required to pay over to the county treasurer of each county, on the first and fifteenth days of each month and within two days thereafter, all funds in each of their hands belonging to said county, or to the public road fund, or public school fund, or poll-tax fund, or any moneys collected by them and belonging to said county or

any district in said county, that by law is required to be paid in the county treasury, whether taxes, fines or any moneys that are collected for any purpose by law and belonging to said county; provided, that the sheriff or collector of said county, when on his annual canvass over said county for the purpose of collecting taxes, may pay into the treasury of his county only on the first day of each month, or within two days thereafter, all county, school, road tax, or other funds belonging to said county or any district thereof, until said canvass shall have been completed.''

Since the pleadings do not reflect any intentional or willful failure or neglect to pay over the funds as far as practicable, at the times specified in the statute, we think it was entirely proper for the court to dismiss the complaint for the want of equity. We think it fairly inferable from the pleadings that the collector has been paying funds over as rapidly as practicable under all the circumstances, and, if he has been doing so, there is no just complaint, and could be none on the part of the taxpayers.

No error appearing, the decree is affirmed.